O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#32

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Anthony Borba Jr. v. United States of America, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**      **(In Chambers) Order GRANTING Defendant's motion to dismiss with leave to amend.**

Pending before the Court is Defendant Santa Maria Electric, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers submitted in support of Defendant's motion, the Court GRANTS the motion.

I.      Background

In bringing this motion, Defendant Santa Maria Electric, Inc.("Santa Maria") seeks to dismiss Plaintiff Anthony Borba, Jr.'s ("Plaintiff") First Amended Complaint ("FAC") for damages based on injuries Plaintiff allegedly suffered while inspecting a 12,000 volt electrical system at Vandenberg Air Force Base on October 26, 2006.  *FAC* ¶¶ 12-33; *Opp.* 1:22-26.  The FAC alleges that Santa Maria was responsible for constructing the high voltage panel that caused Plaintiff's injuries.  *FAC* ¶¶ 29, 34-45.  Santa Maria now argues that because it was not named as a defendant until August 10, 2010 – more than two years after the date of Plaintiff's alleged injury – Plaintiff's negligence claim is therefore barred by California's two-year statute of limitations in personal injury actions.  *Mot.* 1:12-15.

Although Santa Maria was not a defendant in this action until August 10, 2010, it has been involved in related litigation since October 24, 2008, when Plaintiff sued Santa Maria for negligence in Santa Barbara Superior Court ("state court action").  The same day as he filed his state court action, Plaintiff also submitted a Department of Justice Standard Form 95 with the United States Air Force pursuant to the Federal Tort Claim Act (the "federal action"), alleging

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#32

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | December 8, 2010 |
|---|---|---|---|
| Title | Anthony Borba Jr. v. United States of America, *et al.* | | |

negligence and premises liability claims against the United States government, among others. *Opp.* 2:6-7. After the Air Force Department's legal agency denied this claim, *id.* 2:7-8, Plaintiff filed a Complaint in this Court on September 1, 2009. *See Dkt.* #1; *Opp.* 2:10-12. Although the federal and state court actions were based on the same underlying incident, the federal complaint did not initially name Santa Maria as a defendant.

In December 2009, counsel for both parties jointly moved to continue the trial in state court pending discovery in the federal action. *Gosling Decl.* Ex. A. According to Plaintiff, in May 2010, federal Defendant United States produced documents that provided more information regarding construction and maintenance of the area in which the accident occurred. *Gosling Decl.* ¶ 21. Santa Maria participated in federal discovery during the summer of 2010 even though it had yet to be named as a defendant in the federal action. *Id.* ¶ 22. Then, on August 10, 2010, Plaintiff filed a First Amended Complaint naming Santa Maria as a defendant. *See Dkt.* #25 (Aug. 10, 2010).

Approximately five weeks later, on September 17, 2010, the parties filed a joint stipulation to dismiss the state court action with prejudice, noting that "[t]hrough discovery conducted in the concurrent federal action…documents were produced that lead Borba to believe Santa Maria Electric may have contributed to his injuries; however, further investigation and discovery is required." *Gosling Decl.* Ex. B. ¶ 2. On October 1, 2010, roughly two weeks after the state court action was dismissed, Santa Maria filed a motion in this Court to dismiss the FAC on grounds that the statute of limitations expired on Plaintiff's federal claim. *See* Dkt. #32 (Oct. 1, 2010).

II.    Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief. *See id.*

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#32**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | December 8, 2010 |
|----------|----------------------|------|------------------|
| Title | Anthony Borba Jr. v. United States of America, *et al.* | | |

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993). Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009). Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief. *See Ashcroft*, 129 S. Ct. at 1950. Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment. *See Lee v. City of Los Angeles,* 250 F.3d 668, 688-89 (9th Cir. 2001). In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence. *See id.* (internal quotations omitted).

III.   <u>Discussion</u>

Santa Maria contends that because the statute of limitations ran on Plaintiff's claim, the FAC should be dismissed with prejudice. *Mot.* 3:12-15. "[C]ourts apply the forum state's statute of limitation for personal injury actions . . . except to the extent any of these laws is inconsistent with federal law." *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Under California law, the statute of limitations for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1; *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir.1999). Here, because more than two years passed between October 26, 2006, the date upon which Plaintiff's claim accrued, and August 10, 2010, the date Santa Maria was named as a defendant in the federal action, the Court agrees with Santa Maria that the statute of limitations has run.

While Plaintiff does not appear to dispute this, he argues that Santa Maria's motion should nonetheless be denied under the doctrine of equitable tolling. *Opp.* 8:12-9:17. Specifically, Plaintiff argues that: (1) Santa Maria will not be prejudiced by defending itself against the same causes of action asserted in the state court action; (2) Santa Maria submitted to federal jurisdiction by participating in discovery in this action; and (3) Santa Maria had notice of Plaintiff's injuries and prepared a defense against Plaintiff's case. *Opp.* 5:10-16; *see also*

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

#32

## CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | December 8, 2010 |
|----------|----------------------|------|------------------|
| Title | Anthony Borba Jr. v. United States of America, *et al.* | | |

*Daviton v. Columbia/HCA Healthcare Corp*., 241 F.3d 1131, 1135 (9th Cir. 2001) (en banc) (holding that under California law, statute of limitations may be equitably tolled under during pendency of administrative proceeding where there is timely notice to defendant, a lack of prejudice, and reasonable and good faith conduct on part of plaintiff.)

Here, however, the FAC does not allege any facts demonstrating entitlement to equitable tolling.  Particularly noteworthy is its failure to mention the procedural history of the related state court litigation against Santa Maria.  Thus, because the limitations defense is apparent on the face of the FAC, and nothing in the FAC explains why Plaintiff did not add Santa Maria as a defendant in the federal action until nearly two years after the Complaint was initially filed (and nearly four years from the date of his injury), the Court finds it appropriate to GRANT Santa Maria's motion to dismiss.

However, because the Court believes that Plaintiff "may be able to prove a set of facts under which this action would be timely," *Supermail Cargo, Inc. v. United States,* 68 F.3d 1204, 1207 (9th Cir.1995), Plaintiff may amend the FAC if he can allege circumstances that would equitably toll the statute of limitations.

IV.   Conclusion

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss with leave to amend within **twenty-one days** of this order.  Failure to amend by **December 29, 2010** will result in dismissal of the claims with prejudice.

**IT IS SO ORDERED.**