O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#60

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) Order DENYING Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint.

Pending before the Court is Defendant Santa Maria Electric, Inc.'s Motion to Dismiss Plaintiff's Second Amended Complaint. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. Having considered the papers submitted in support of and in opposition to Defendant's motion, the Court DENIES the motion.

I.   <u>Background</u>

On October 26, 2006, plaintiff Anthony Borba, Jr. ("Plaintiff") was injured by an electrical explosion that occurred while he was inspecting a 12,000-volt electrical system at the Vandenberg Air Force Base. In this lawsuit, Plaintiff alleges that his injuries were proximately caused by Defendant Santa Maria Electric, Inc.'s ("Santa Maria") negligence in constructing the high-voltage panels. *SAC* ¶¶ 12-33.

In December 2010, the Court dismissed Plaintiff's First Amended Complaint, holding that Plaintiff failed to file his claim against Santa Maria within the applicable two-year statute of limitations for personal injury actions, and that the FAC failed to allege any facts demonstrating entitlement to equitable tolling. *See* Dkt. #49 (Dec. 8, 2010). Plaintiff subsequently amended the pleading and, on December 29, 2010, filed a Second Amended Complaint ("SAC"). *See* Dkt. #56 (Dec. 29, 2010).

Santa Maria now moves to dismiss the SAC, contending that Plaintiff still does not adequately state a claim upon which relief could be granted. Specifically, Santa Maria argues

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**#60**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|----------|----------------------|------|----------------|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

that like Plaintiff's FAC, the SAC is deficient because Plaintiff's negligence claim against Santa Maria is barred by the two-year statute of limitations, and the SAC fails to adequately allege facts showing that equitable tolling is appropriate.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6).  In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  *See* Fed. R. Civ. P. 8(a)(2).  Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, -U.S.-, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim to relief.  *See id.*

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis.  *See id.* at 1950.  First, the court must accept as true all non-conclusory, factual allegations made in the complaint.  *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164, 113 S. Ct. 1160, 1161, 122 L. Ed. 2d 517 (1993).  Based upon these allegations, the court must draw all reasonable inferences in favor of the plaintiff.  *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).  Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the compliant alleges a plausible claim for relief.  *See Ashcroft*, 129 S. Ct. at 1950.  Despite the liberal pleadings standards of Rule 8, conclusory allegations will not save a complaint from dismissal.  *See id.*

Finally, the Court notes that in ruling on a motion to dismiss, it may consider documents outside the pleadings without the proceeding turning into summary judgment.  *See Lee v. City of L.A.,* 250 F.3d 668, 688-89 (9th Cir. 2001).  In particular, the Court may consider: (a) documents that are "properly submitted as part of the complaint,"; (b) documents on which plaintiff's complaint necessarily relies and whose authenticity is not contested; and (c) "matters of public record" of which the court may take judicial notice under Rule 201 of the Federal Rules of Evidence.  *See id.* (internal quotations omitted).

O

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

#60

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

III.  <u>Discussion</u>

      Santa Maria now moves to dismiss the SAC on grounds that the applicable two-year statutory period lapsed and Plaintiff fails to allege facts demonstrating entitlement to equitable tolling.  As to this first contention, there is no dispute that Plaintiff did not name Santa Maria as a defendant in this action until after the statutory period expired.  *See* Dkt. #49 (Dec. 8, 2010). Accordingly, the Court turns to the question of whether the SAC alleges facts showing that equitably tolling the statute of limitations is appropriate in this case.

      A.  <u>Equitable Tolling Standard</u>

      The purpose of a statute of limitations is "to prevent assertion of stale claims against a defendant." *Daviton v. Columbia/HCA Health Care Corp.*, 241 F.3d 1131, 1136 (9th Cir. 2001). In certain circumstances, however, "[w]here the danger of prejudice to the defendant is absent, and the interests of justice so require[,]" the statute of limitations period may be equitably tolled. *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002); *see also Stillman v. LaMarque,* 319 F.3d 1199, 1202 (9th Cir. 2003) (equitable tolling doctrine generally applies where a plaintiff is unable to file a timely claim as a result of external circumstances beyond his direct control). Under California law, statute of limitations may be equitably tolled where "the record shows (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and, (3) good faith and reasonable conduct by the plaintiff in filing the second claim." *Daviton*, 241 F.3d at 1137-38.  The party seeking to assert equitable tolling bears the burden of proving the doctrine's applicability.  *See Fed. Election Com'n v. Williams*, 104 F.3d 237, 240-41 (9th Cir. 1996).

      B.  <u>Applicable Procedural History of Plaintiff's State and Federal Actions</u>

      On October 24, 2008, Plaintiff sued Santa Maria in state court.  *SAC* ¶ 28.  Plaintiff also timely filed a Dept. of Justice Standard Form 95 with the Department of Air Force's legal agency in compliance with the Federal Tort Claim Act ("FTCA").  *SAC* ¶¶ 2, 36.  This claim was subsequently denied, *id.*, and on September 1, 2009, Plaintiff timely filed a complaint in federal court against the United States.  *Id.*; 28 U.S.C. § 2401(b).

      During discovery in the state action against Santa Maria, Plaintiff obtained evidence suggesting that Santa Maria may not have been responsible for installing the high-voltage panel that caused Plaintiff's injuries.  *SAC* ¶ 28.  Plaintiff, however, informed Santa Maria that before he would dismiss Santa Maria from the state action, he needed to review documents that he had

O

#### UNITED STATES DISTRICT COURT
#### CENTRAL DISTRICT OF CALIFORNIA

#60

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|----------|----------------------|------|----------------|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

requested from the federal government to verify that Santa Maria was not involved in the construction and installation of the high voltage panel. *SAC* ¶¶ 7, 30-31. In January 2010, Plaintiff and Santa Maria agreed to continue the state trial pending Plaintiff's request for documents from the U.S. Department of Justice. *SAC* ¶ 31; *Opp.* Ex. C. 3:26-27, 4:7-13.

Plaintiff obtained the documents from the U.S. government in April 2010 and reviewed them through May 2010. *SAC* ¶¶ 32,35. Rather than corroborating Plaintiff's initial impression that Santa Maria was not at fault, the documents suggested that Santa Maria had installed and maintained the high-voltage panels that injured him, and thus, that Santa Maria might be responsible for Plaintiff's injury. *SAC* ¶¶ 30, 35. In June 2010, Plaintiff, Santa Maria, and the government jointly participated in federal discovery by conducting depositions of various federal employees employed at the Vandenberg Air Force Base. *SAC* ¶ 34.

On August 10, 2010, Plaintiff filed an FAC that named Santa Maria as a federal defendant. *See* Dkt. #25 (Aug. 10, 2010). On September 19, 2010, following discussions with Santa Maria about "consolidation of the state action into the federal action," Santa Maria and Plaintiff entered into a joint stipulation to dismiss the state action against Santa Maria with prejudice. *SAC* ¶ 36. Then, on October 1, 2010, Santa Maria moved to dismiss Plaintiff's FAC on grounds that the two-year statute of limitations expired before Plaintiff named Santa Maria as a defendant in the federal action.

      C.     <u>Whether Plaintiff Alleged Facts Showing That the Statute of Limitations Should be Equitably Tolled</u>

As previously noted, equitable tolling of a statute of limitations is only applicable where a plaintiff alleges facts showing (1) timely notice to the defendant in filing the first claim; (2) lack of prejudice to defendant in gathering evidence to defend against the second claim; and (3) good faith and reasonable conduct by the plaintiff in filing the second claim. *Daviton*, 241 F.3d at 1137-38. The Court will address each element in turn.

      1.    *Notice*

The first element, timely notice, inquires as to whether the plaintiff filed the first claim within the statutory period. *Daviton*, 241 F.3d at 1138. It further requires that the filed claim "alert the defendant in the second claim of the need to begin investigating the facts which form the basis for the second claim." *Id.* (citing *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 923, 191 Cal. Rptr. 681 (1983)).

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#60**

### CIVIL MINUTES - GENERAL

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

Here, the SAC specifically alleges that Santa Maria had notice of Plaintiff's claim. *See SAC* ¶ 28. Santa Maria does not dispute this; accordingly, no further analysis is required to conclude that the first requirement has been met.

>    2.    *Prejudice to Defendant*

The second element of the equitable tolling analysis is concerned with prejudice to the defendant from "stale claims and deteriorated evidence." *Structural Steel Fabricators, Inc. v. City of Orange*, 40 Cal. App. 4th 459, 465, 46 Cal. Rptr. 2d 867 (1995). This element is satisfied where "the facts of the two claims [should] be identical or at least so similar that the defendant's investigation of the first claim will put him in a position to fairly defend the second." *Daviton*, 241 F.3d at 1138 (citing *Collier*, 142 Cal. App. 3d at 925-26). Further, as the Ninth Circuit has emphasized, this requirement "should be construed liberally in favor of the plaintiff." *Azer v. Connell*, 306 F.3d 930, 937 (9th Cir. 2002).

In moving to dismiss the SAC, Santa Maria claims it would suffer prejudice if the statutory deadline was equitably tolled, given that it did not fully conduct discovery in the state case and was precluded from fully participating in federal discovery. *Reply* 3:1-24. While it is certainly conceivable that Santa Maria would have conducted *more* discovery had it been named as a federal defendant sooner, this is not the standard by which courts assess whether a defendant would suffer prejudice if the statute of limitations on a claim was equitably tolled. Rather, as previously noted, the focus of the second equitable tolling requirement is whether the two claims are "based on essentially the same set of facts[.]" *Collier*, 142 Cal. App. 3d at 925-26.

Here, it is clear that the state and federal claims against Santa Maria stem from the same underlying conduct: Santa Maria's alleged negligence in installing and maintaining the high-voltage panels which allegedly caused Plaintiff's injury. In addition, the SAC expressly alleges that Santa Maria gathered evidence in connection with the state action and participated in federal discovery. *SAC* ¶ 28.

Accordingly, because the two claims are sufficiently similar, the Court finds that Santa Maria was on notice of the allegations against which it would have to defend itself from the time the state action was filed. Thus, the Court is not persuaded that it would be prejudiced if named as a defendant in the present suit.[1] *See Azer*, 306 F.3d at 938 (holding that the defendants

---

[1] Santa Maria asserts that its decision to conduct only limited discovery in the state action was a "direct response to plaintiff's counsel's representations that he did not believe Santa Maria was

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#60**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|----------|----------------------|------|----------------|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

"cannot plausibly claim prejudice in the gathering or preservation of evidence because much of the evidence relevant to [the] present suit is the same as the evidence presented in the state suits."); *Daviton*, 241 F.3d at 1138 (no prejudice where plaintiffs' state complaint was based on the "identical incident that gave rise to their district court action"). Therefore, the Court finds that the second equitable tolling requirement is satisfied.

       3.    *Good Faith and Reasonable Conduct*

      The third equitable tolling requirement, although "not as well defined in the case law," *Daviton*, 241 F.3d at 1138, requires Plaintiff to show good faith and reasonable conduct in filing the second claim. Unreasonable conduct may include a "long delay even after crediting the tolled period[,]"; bad faith may be found where a plaintiff "intentionally lull[s] the defendant into believing the second claim would not be filed." *Structural Steel Fabricators, Inc.*, 40 Cal. App. 4th at 465.

      Santa Maria contends that the SAC fails to allege facts which would indicate that Plaintiff acted reasonably in waiting eleven months to name Santa Maria in the federal action. *Reply* 3:1-10; *Mot.* 10:6-8. The Court, however, disagrees. Rather, it finds that the following facts set forth in the SAC adequately show that Plaintiff's delay in naming Santa Maria was reasonable and not undertaken in bad faith.

      On October 24, 2008, Plaintiff sued Santa Maria for negligence in state court. *SAC* ¶ 28. During the course of the state action discovery, Plaintiff alleges that he obtained information suggesting that Santa Maria did not install the wiring components, and therefore might not be liable for his injuries. *SAC* ¶¶ 28, 30. However, Plaintiff alleges that he wanted documents from the government to "corroborate these impressions" before dismissing Santa Maria from the state action. *SAC* ¶ 30. He obtained the "critical" government documents in April 2010. *SAC* ¶¶ 30, 32. In May 2010, after receiving and reviewing them, Plaintiff alleges that he no longer believed that Santa Maria should be dismissed; instead, the documents suggested that Santa Maria installed and maintained the power conduit that injured Plaintiff. *SAC* ¶¶ 35-36. In light of this information, and following the parties' subsequent agreement to dismiss Santa Maria with

---

responsible for plaintiff's injuries and that a dismissal would be forthcoming." *Reply* 3:7-10. However, the Court need not evaluate whether Santa Maria's reliance on these representations was reasonable to conclude that this is an insufficient basis upon which to ground a claim of prejudice for purposes of the second equitable tolling requirement.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#60

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-6355 PSG (JCx) | Date | March 28, 2011 |
|---|---|---|---|
| Title | Anthony Borba, Jr. v. United States of America, *et al.* | | |

prejudice from the state action, Plaintiff subsequently amended the pleading in this case to name Santa Maria as a federal defendant. *SAC* ¶ 36.

The Court is satisfied that these allegations adequately show that Plaintiff he did not act unreasonably or intentionally lull Santa Maria into thinking the second claim would not be filed. *Structural Steel Fabricators, Inc.*, 40 Cal. App. 4th at 465; *cf. Daviton*, 241 F.3d at 1134-35. Accordingly, the Court concludes that the third equitable tolling requirement is also met.

IV.     Conclusion

In sum, the Court finds that Plaintiff's SAC adequately alleges facts showing that (1) Santa Maria had timely notice of the claim; (2) that Santa Maria will not suffer prejudice if named as a defendant in this action; and (3) that Plaintiff acted reasonably and in good faith in proceeding with this litigation. Accordingly, the Court concludes that, at this stage in the proceeding, Plaintiff has met his burden of showing that the statute of limitations should be equitably tolled.

Santa Maria's motion to dismiss Plaintiff's Second Amendment Complaint is therefore DENIED.[2]

**IT IS SO ORDERED.**

---

[2] Additionally, the Court rejects Santa Maria argument that Plaintiff's SAC should be dismissed as ambiguous and unintelligible. The SAC clearly articulates the basis for this action against Santa Maria, namely that Plaintiff suffered injury while inspecting a 12,000 volt electrical system at Vandenberg Air Force Base on October 26, 2006 and that he believes Santa Maria was one of the parties responsible for his injuries. *SAC* ¶¶ 10, 18, 27, 39.